UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Faustino Ojeda Hernandez, Santiago Leon, David Morales, Miguel Patishtan, Abiel Ventura Ortiz, Lusvin Ortiz, Noel Ventura Ortiz, Abimael Perez, Carlos Perez, Carlos Velasquez Perez, Gerardo Perez Perez, and Jacobo Perez<br><br>    Plaintiffs<br><br>          v.<br><br>Little K's Landscaping, LLC, and Karl Kieslich, Jr.,<br><br>    Defendants | : : : : : : : : : : : : : : : : | 3:23-cv-00460 (SVN)<br><br><br><br><br><br><br><br><br><br>June 25, 2024 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
JUDGMENT ON DEFAULT AGAINST LITTLE K'S LANDSCAPING, LLC**

On March 15, 2024, while the proceedings in this case were stayed against defendant Little K's Landscaping, LLC, due to its filing in bankruptcy, the Court entered partial default judgment against the individual defendant, Karl Kieslich, Jr., on the plaintiffs' claims for unpaid overtime wages in violation of the federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, unpaid wages and double damages in violation of the Connecticut Minimum Wage Act, Conn.Gen.Stat. §31-68 and §31-72, and reasonable attorney's fees and costs.[1] [Doc. 29]

The Court has subsequently reinstated defendant Little K's Landscaping, LLC, after its bankruptcy petition was dismissed [Doc. 43], and defaulted the company for failing to appear or plead [Doc. 47].

Now, pursuant to Fed.R.Civ.P. 55(b)(2) and the Court's order, the plaintiffs (except for Abimael Perez) respectfully request the Court to enter judgment on the default against Little

---

[1] The Court found that plaintiff Abimael Perez had not provided sufficient evidence to support his claims for unpaid wages, and the Court dismissed his claims against the individual defendant, Karl Kieslich, Jr., without prejudice. [Doc. 36]

K's Landscaping, LLC, for the same reasons and in the same amounts awarded against the individual defendant, as set out in the Court's Partial Default Judgment. [Doc. 29]

The Recommended Ruling issued by U.S. Magistrate Judge Thomas O. Farrish [Doc. 26], which was adopted by the District Court [Doc. 27], in describing facts taken from the plaintiffs' pleadings and "deemed admitted for purposes of a motion for default judgment" states:

> The Plaintiffs describe Little K's as a "limited liability company registered in the State of Connecticut" that has "contracts [to perform] landscaping services, paving, excavation, and/or snow removal for various residential, business, and governmental customers in Connecticut." (Am. Compl., ECF No. 22, ¶¶ 5, 7.) They describe Mr. Kieslich as "the principal and sole member" of Little K's. (Id. ¶ 6.) They allege that Little K's was their employer for purposes of the FLSA and CMWA (id. ¶ 5), but that Mr. Kieslich also qualified as an employer under both statutes because he had "final decision and ultimate control of the setting and payment of wages to defendant Little K's employees." (Id. ¶ 6.)

(Recommended Ruling on Plaintiffs' Motion for Default Judgment, pp. 2-3 (ECF No. 19))

Where an individual defendant is the "owner, partner, or manager" of a corporate defendant, the two may be held jointly and severally liable for unpaid wages under the Fair Labor Standards Act. See, *Zapoteco v. Saroop & Sons Inc.*, 21 Civ. 123 (S.D. N.Y. Jul 17, 2023); *Pineda v. Masonry Constr., Inc.*, 831 F.Supp.2d 666, 685-86 (S.D.N.Y. 2011) (imposing joint and several liability on defaulting corporate and individual defendants where allegations that individual defendant "was an owner, partner, or manager" of corporate defendants, along with his default, established that he was an employer under the FLSA and the New York Labor Law); *Baltierra v. Advantage Pest Control Co.*, No. 14 Civ. 5917, 2015 WL 5474093, at *13 (S.D.N.Y. Sept. 18, 2015) (finding that defaulting individual defendant was an employer and thus individually liable along with defaulting corporate defendant).

Similarly, the Connecticut wage statutes, including Conn.Gen.Stat. §31-68 and §31-72, have been held to impose liability for non-payment of wages upon *both* a defendant company

and "an individual who possesses the ultimate authority and control within a corporate employer to set the hours of employment and pay wages and therefore is the specific or exclusive cause of improperly failing to do so." *Butler v. Hartford Technical Institute, Inc.*, 243 Conn. 454, 463 (Conn. 1997).

Therefore, the plaintiffs request that the Court issue judgment on the default such that defendant Little K's Landscaping, LLC, be held jointly and severally liable along with the individial defendant, Karl Kieslich, Jr.

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED<br>THE PLAINTIFFS,<br>FAUSTINO OJEDA HERNANDEZ,<br>SANTIAGO LEON, DAVID MORALES,<br>MIGUEL PATISHTAN, ABIEL VENTURA<br>ORTIZ, LUSVIN ORTIZ, NOEL VENTURA<br>ORTIZ, CARLOS PEREZ, CARLOS<br>VELASQUEZ PEREZ, GERARDO PEREZ<br>PEREZ, and JACOBO PEREZ, |
| By | /s/ Peter Goselin<br>Peter Goselin ct06074<br>The Law Office of Peter Goselin<br>P.O. Box 331313<br>Hartford, Connecticut 06133<br>Tel. 860-580-9675<br>Fax 860-232-7818<br>pdgoselin@gmail.com |

**CERTIFICATE OF SERVICE**

      This is to certify that on June 25, 2024 the foregoing Plaintiff's Motion for Judgment on Default Against Defendant Little K's Landscaping, LLC, was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/ s / Peter Goselin*