**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| Faustino Ojeda Hernandez, *et al.*, | |
| Plaintiffs, | Civil No. 3:23-CV-00460 (SVN) |
| v. | |
| Little K's Landscaping, LLC, *et al.*, | August 19, 2024 |
| Defendants. | |

**RECOMMENDED RULING ON**
**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (ECF No. 48)**

This is an action under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-68 ("CMWA"); and Section 31-72 of the Connecticut General Statutes.  The Plaintiffs are twelve individuals who say that they were employed as landscapers by the Defendants, Little K's Landscaping, LLC ("Little K's") and its principal, Karl Kieslich, Jr.  (Am. Compl., ECF No. 22, ¶ 1.)  They allege that the Defendants failed to pay them wages that they had been promised.  (*See generally id.*)

The Defendants failed to appear and plead in response to the Plaintiffs' complaint.  The Clerk of the Court entered a default against Mr. Kieslich (ECF No. 13), and the Plaintiffs moved for a default judgment.  (ECF No. 18.)  The presiding District Judge, the Honorable Sarala V. Nagala, referred that motion to me, Magistrate Judge Thomas O. Farrish, for a recommended ruling.  (ECF No. 20.)  Judge Nagala adopted my recommendation in part (ECF No. 27), and judgments totaling $112,290.50 entered against Mr. Kieslich on March 15, 2024.  (ECF No. 28.)  But because Little K's was then in bankruptcy proceedings, the Plaintiffs did not seek a judgment against it at that time.

1

Little K's bankruptcy case has now been dismissed (ECF No. 42-1), and its automatic stay has been lifted.  (ECF No. 43.)  The Plaintiffs therefore moved for entry of a default judgment against it.  (ECF No. 48.)  Although they had sought more than $112,290.50 when they moved for a default judgment against Mr. Kieslich (*see* ECF No. 18-1), they are now evidently satisfied with that sum, and they ask the Court to enter judgment against Little K's "for the same reasons and in the same amounts awarded against the individual defendant[.]"  (ECF No. 48, at 2.)

Judge Nagala again referred the case to me for a recommended ruling.  (ECF No. 49.)  For the reasons set forth below, I recommend that the Plaintiffs' motion be granted, and that judgment enter against Little K's in the same amount as the judgment against Mr. Kieslich.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken from the Plaintiffs' pleadings, and they are deemed admitted for purposes of a motion for default judgment.  (*See* discussion, Section II *infra.*)   The Plaintiffs are twelve individuals named Faustino Ojeda Hernandez, Santiago Leon, David Morales, Miguel Patishtan, Abiel Ventura Ortiz, Lusvin Ortiz, Noel Ventura Ortiz, Abimael Perez, Carlos Perez, Carlos Velasquez Perez, Gerardo Perez Perez, and Jacobo Perez.  (Am. Compl., ECF No. 22.)  The Defendants hired them as landscapers "at various times between July 2018 and August 2022," promising wages of between $15.00 and $25.00 per hour.  (*Id.* ¶¶ 8, 11-22.)  In some weeks, however, the Defendants did not pay them at all.  (*Id.* ¶¶ 11-22.)  The Plaintiffs therefore filed this action, seeking to recover their unpaid minimum wages under the FLSA and the CMWA; the remainder of their unpaid straight time under Section 31-72; and their unpaid overtime under the FLSA and CMWA.  (Compl., ECF No. 1, Counts One-Three.)  They also alleged common law intentional misrepresentation against Mr. Kieslich.  (*Id.* Count Four.)

The Plaintiffs describe Little K's as a "limited liability company registered in the State of Connecticut" that has "contracts [to perform] landscaping services, paving, excavation, and/or snow removal for various residential, business, and governmental customers in Connecticut." (Am. Compl., ECF No. 22, ¶¶ 5, 7.) They describe Mr. Kieslich as "the principal and sole member" of Little K's. (*Id.* ¶ 6.) They allege that Little K's was their employer for purposes of the FLSA and CMWA (*id.* ¶ 5), but that Mr. Kieslich also qualified as an employer under both statutes because he had "final decision and ultimate control of the setting and payment of wages to defendant Little K's employees." (*Id.* ¶ 6.)

The Plaintiffs filed their initial complaint on April 11, 2023 (ECF No. 1), and they served it upon both Defendants on April 17, 2023. (Return of Service, ECF No. 9; *see also* Order, ECF No. 10 ("Plaintiffs have submitted proof that Defendants were served with the complaint and summons.").). The Defendants failed to appear and plead within the time required by Fed. R. Civ. P. 12(a)(1)(A)(i). (*Id.*) The Plaintiffs then moved for a default as to Mr. Kieslich (Am. Mot. for Default Entry, ECF No. 12), and the Clerk of the Court entered his default on May 25, 2023. (ECF No. 13.) The Plaintiffs then moved for a default judgment against him. (Mot. for Default J., ECF No. 18.) They did not then seek a default or a default judgment against Little K's, because the company had filed for bankruptcy protection in the meantime. (*See* Order, ECF No. 14) (staying case against Little K's on account of its bankruptcy petition).

Judge Nagala referred the default judgment motion to me (ECF No. 20), and upon reviewing the motion and the pleadings, I observed two problems. First, the Plaintiffs' initial complaint did not allege that their jobs had enough of a connection to interstate commerce to support a claim under the FLSA, because the landscaping work they described appeared entirely intrastate. (Order re: Pls.' Mot. For Default J., ECF No. 21, at 3-7.) This deficiency implicated

not only the legal sufficiency of Count One, but also the Court's jurisdiction over the case, because

the Plaintiffs had used their FLSA claim to invoke that jurisdiction under 28 U.S.C. § 1331. (*Id.*

at 7; *see also* Compl., ECF No. 1, ¶ 2.)  Second, the motion reflected errors in translating the

Plaintiffs' time card entries into lost wage claims.  For example, Mr. Leon's time sheet for the

week of April 11-17, 2022 documented that he worked 76 hours and 16 minutes (ECF No. 19),

but the motion claimed 76.16 hours of wage loss.  (Pls.' Memo., at 4.)  I noted that "[t]here is of

course a difference between 76:16 and 76.16, and while the difference is small," similar errors

appeared "to have affected the calculations for most if not all of the plaintiffs and, therefore,

directly affect[ed] the Court's ability to calculate the damages on the papers." (Order re: Pls.' Mot.

For Default J., ECF No. 21, at 7.)

To address the first problem, I directed the Plaintiffs to show cause "why their motion for

default judgment should not be denied, and why their case should not be dismissed because they

failed to plead a legally sufficient FLSA claim and because there are insufficient reasons to retain

jurisdiction over the state law claims." (*Id.* at 7-8.)  I added that "[i]f, as part of that showing, the

plaintiffs wish to file an amended complaint, they may do so." *(Id.* at 7.)  To address the second

issue, I directed the Plaintiffs "to file a supplemental memorandum containing corrected

calculations." (*Id.*at 8.)

The Plaintiffs then amended their complaint.[1]  (Am. Compl., ECF No. 22.)  In their new

pleading, they alleged that Little K's "had, at all relevant times, a gross volume of sales made or

---

[1]     I cannot tell whether the Plaintiffs served the Amended Complaint on Little K's. (*See* Am.
Compl. at 10) (stating that "[n]otice of this filing will be sent . . . by mail to anyone unable to
accept electronic filing," but not listing the persons so served).  In this case, however, it does not
matter whether the Amended Complaint was served or not.

Rule 5(a)(2) of the Federal Rules of Civil Procedure provides that "[n]o service is required
on a party who is in default for failing to appear," unless the document in question is an amended
"pleading that asserts a new claim for relief."  Here, Little K's was a defaulting defendant in the

business done of not less than $500,000." (*Id.* ¶ 7.)  They further alleged several connections with

interstate commerce (*id.* ¶¶ 8-9), as will be discussed in Section II below.  They also filed a

document entitled "Plaintiffs' Showing of 'Enterprise Coverage' Under the FLSA," which will

likewise be discussed below.  (ECF No. 24.)  Finally, they filed a supplemental brief correcting

their damage calculations under the wage statutes.  (ECF No. 25.)  They did not request a hearing,

but instead chose to present their claims on the strength of their affidavits and, where provided,

their time cards and handwritten notes.

On February 5, 2024, I recommended that the Plaintiffs' motion be granted in part and

denied in part.  (ECF No. 26.)  My recommendation had "four principal elements."  (*Id.* at 2.)

First, I recommended "that the motion be granted with respect to the wage loss claims of eleven

of the twelve Plaintiffs, although I calculate[d] the amounts of those claims slightly differently in

a few instances." (*Id.*)  Second, I recommended that the motion be denied without prejudice as to

one Plaintiff, Abimael Perez, because his claims were "insufficiently supported."  (*Id.*)  Third, I

recommended that the eleven Plaintiffs be awarded double damages under the Connecticut wage

---

contemplation of Rule 5(a)(2) at the time of the Amended Complaint, even though the Clerk had
yet to enter a formal default under Rule 55 on account of the bankruptcy stay.  *See, e.g., Reid v.
Dan Yant, Inc.*, No. 15-cv-2358 (MKB) (SJB), 2018 WL 8014197, at *2 n.1 (E.D.N.Y. Oct. 25,
2018) (citing 4 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1144
(4th ed.) for the proposition that "[t]he term 'default' in [Rule] 5(a)(2) includes both a Rule 55
default (where the clerk enters a default) but also a default from a simple failure to appear in the
requisite time"); *see also Cutting v. Town of Allenstown*, 936 F.2d 18, 21 n.1 (1st Cir. 1991);
*Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1368 n.3 (11th
Cir. 1982).  Moreover, the Amended Complaint contains no new claim for relief.  (*Compare*
Compl., ECF No. 1, *with* Am. Compl., ECF No. 22); *see also W. Sur. Co. v. Leo Constr., LLC*,
No. 3:12-cv-1190 (CSH), 2013 WL 144097, at *10 (D. Conn. Jan. 11, 2013) (holding that
defaulting defendant was not entitled to service of amended complaint where the amended
pleading differed from the original only in that "the factual allegations regarding the citizenship of
the parties have been filled in or fleshed out to satisfy this Court that it has subject matter
jurisdiction").  Thus, the Plaintiffs were not required to serve the Amended Complaint on Little
K's.

statutes – but not under both state law and the FLSA, as they had sought. (*Id.*)  Fourth and finally, I added that "the Plaintiffs should be awarded their attorney's fees and costs, although not quite in the amount sought." (*Id.*)

No party objected to my recommendation, and on March 8, 2024, Judge Nagala adopted it in part. (ECF No. 27.)  She agreed with the way I had addressed "the record and legal issues regarding the calculation of unpaid wages, liquidated damages, and reasonable attorney's fees," but she "recalculated unpaid wages slightly for three plaintiffs[.]" (*Id.*)  Whereas I had recommended judgments totaling $112,649.50 (ECF No. 26, at 41-43), Judge Nagala calculated the correct amount at $112,290.50. (*See* ECF No. 27.)

On May 10, 2024, the Plaintiffs learned that Little K's bankruptcy case had been dismissed. (ECF No. 42, at 1.)  They therefore moved this Court for an order "restoring] this case, as to defendant Little K's Landscaping, LLC, to the active docket." (*Id.* at 2.)  Judge Nagala granted the motion and directed the Plaintiffs to move for entry of a default. (ECF No. 43.)  The Plaintiffs did so (ECF No. 45),[2] and the Clerk entered Little K's default on June 5, 2024. (ECF No. 47.)

---

[2]      Although a motion for entry of a default against a non-appearing defendant need not be served under Rule 5(a)(2), Judge Nagala ordered that, "[n]otwithstanding" the Rule," "Plaintiffs must serve Little K's with any motion for default entry in accordance with Federal Rule of Civil Procedure 5(b)." (ECF No. 43.)  The Plaintiffs served the motion for default entry on Little K's registered agent, Mr. Kieslich, at his home address. (*See* ECF No. 46) (affidavit of service, confirming that "Plaintiffs' Motion for Default as to Defendant Little K's Landscaping, LLC" was served by abode service on May 31, 2024); Conn. Gen. Stat. § 34-243r (stating that a limited liability company may be served "leaving a true and attested copy" of the document at its registered agent's "usual place of abode"); Annual Rpt., Little K's Landscaping, LLC, Jan. 31, 2024, *available at* https://service.ct.gov/business/s/onlinebusinesssearch?language=en_US (last visiting Aug. 18, 2024) (stating that Mr. Kieslich is Little K's registered agent, and that his residence address is the same address at which the motion for default entry was served); *Foundation Cap. Res., Inc. v. Prayer Tabernacle Church of Love, Inc.*, No. 3:17-cv-135 (JAM) (TOF), 2021 WL 3863428, at *7 n.2 (D. Conn. Apr. 30, 2021) (citing cases for the proposition that "[t]he Court may take judicial notice of incorporation records from the Secretary of the State's 'C.O.N.C.O.R.D.' website").

On June 25, 2024, the Plaintiffs filed the instant motion for default judgment against Little K's.[3] (ECF No. 48.)  Although they had sought much more than $112,290.50 when they moved for their judgment against Mr. Kieslich (*see* ECF No. 18-1) (seeking, *inter alia*, double damages under both the FLSA and the CMWA), they apparently have become satisfied with that sum in the meantime, and they now seek judgment against Little K's "in the same amounts awarded against the individual defendant[.]" (ECF No. 48, at 2.)  In their accompanying memorandum of law, they pointed out that both the FLSA and the CMWA subject corporate and individual employers to joint and several liability. (ECF No. 48-1, at 2-3.)  Otherwise, they provided no new information, choosing instead to rest on the materials they had submitted in their earlier motion. (*See id.*)  Their motion is therefore ripe for decision.

## II.    DISCUSSION

### A.    Liability

When a defendant defaults, his liability is ordinarily deemed resolved and the Court proceeds to the question of damages.  As the Second Circuit has explained, "a party's default is deemed to constitute a concession of all well pleaded allegations of liability."  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).  "A default also effectively constitutes an admission that damages were proximately caused by the defaulting party's conduct; that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged."  *Santillan v. Henao*, 822 F. Supp. 2d 284, 290 (E.D.N.Y.

---

[3]    In contrast to the motion for default entry, the Court did not order the Plaintiffs to serve any subsequent motion for default judgment. (*See* Order, ECF No. 47) (directing Plaintiffs to file any motion for default judgment by July 5, 2024, but not directing them to serve it "notwithstanding Federal Rule of Civil Procedure 5(a)(2)").  Presumably for this reason, the Plaintiffs did not do so. (*See* Cert. of Serv., ECF No. 48, at 3) (stating only that the motion for default judgment had been "filed electronically").

2011) (citing *Greyhound Exhibitgroup*, 973 F.2d at 159).  A default is not, however, "considered

an admission" of the amount of the plaintiff's damages.  *Greyhound Exhibitgroup*, 973 F.2d at 158

(citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) and Fed. R. Civ. P. 8(d)).  Instead,

damages are calculated in subsequent proceedings.  *Cement & Concrete Workers Dist. Council*

*Welfare Fund v. Metro. Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).

Yet this does not mean that courts should skip over all questions of liability in deciding

motions for default judgments.  As Judge Haight has observed, "[b]ecause default is only an

admission of well-pleaded allegations, it 'is not treated as an absolute confession by the defendant

of his liability and of the plaintiff's right to recover.'"  *Trs. of the I.B.E.W. v. Norland Elec., Inc.*,

No. 3:11-cv-709 (CSH), 2015 U.S. Dist.  LEXIS 193752, at *5 (D. Conn. Feb. 19, 2015) (quoting

*Evanauskas v. Strumpf*, No. 3:00-cv-1106 (JCH), 2001 WL 777477, at *1 (D. Conn. June 27,

2001)).  "Therefore, before judgment can be entered, the court must determine whether plaintiff's

factual allegations are sufficient to state a claim for relief on each of the causes of action for which

the plaintiff seeks judgment by default."  *Evanauskas*, 2001 WL 777477, at *1 (citing *Au Bon Pain*

*Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).  Put differently, "[w]hile a default constitutes

an admission of all the facts 'well pleaded' in the complaint, it does not admit any conclusions of

law alleged therein, nor establish the legal sufficiency of any cause of action."  *In re Indus.*

*Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000) (citing 10A Charles Alan

Wright et al., *Fed. Prac. & Procedure, Civil* § 2688 (3d ed. 1988)); *accord Trs. of the I.B.E.W.*,

2015 U.S. Dist. LEXIS 193752, at *5-6 (citing cases).

In this case, there is a liability issue that must be addressed before turning to the question

of damages.  I discussed it in my earlier recommended ruling (ECF No. 26, at 7-10), but to recap,

a plaintiff seeking to recover under the FLSA must plead and prove that his employment is

sufficiently connected to interstate commerce.  Fundamentally, "[t]he FLSA's minimum wage and overtime provisions apply to an employee who is: (1) 'engaged in commerce or in the production of goods for commerce'; or (2) 'employed in an enterprise engaged in commerce or in the production of goods for commerce." *Morales v. Gourmet Heaven, Inc.*, No. 3:14-cv-01333 (VLB), 2016 WL 8254353, at *4 (D. Conn. Nov. 29, 2016) (quoting 29 U.S.C. § 207(a)(1)) ("*Gourmet Heaven II*").  "The two categories are commonly referred to as 'individual' and 'enterprise' coverage, respectively." *Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 96 (2d Cir. 2009).  In this case, the Plaintiffs do not claim to meet the "individual" coverage prong, but they say that the requirements of "enterprise" coverage have been met.  (*See generally* ECF Nos. 24, 48.)

Enterprise coverage applies when a business with more than $500,000.00 in annual sales employs individuals to, among other things, work on goods or materials that have moved in interstate commerce.  Specifically, a business is subject to "enterprise" coverage under the FLSA when it "(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees *handling, selling or otherwise working on* goods or materials that have been *moved in or produced for commerce* by any person'; and (ii) has 'annual gross volume of sales made or business done . . . not less than $500,000.'" *Gourmet Heaven II*, 2016 WL 8254353, at *4 (quoting 29 U.S.C. § 203(s)(1)(A)) (emphasis in original).

"Enterprise coverage has been interpreted broadly by the courts." *Boekheimer v. Fourth Universalist Soc'y in City of New York*, 86 F. Supp. 2d 280, 285 (S.D.N.Y. 2000).  For example, "[u]nder an 'enterprise' application, the employee does not himself need to be involved in an activity that affects interstate commerce." *Id.* (citing, *inter alia*, *Wirtz v. First Nat'l Bank & Tr. Co.*, 365 F.2d 641, 645 (10th Cir. 1966)).  "Rather, if an enterprise meets the gross dollar volume amount, all employees are covered under the Act if some employees are (1) engaged in commerce;

(2) engaged in the production of goods for commerce; or (3) engaged in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce." *Id.* (citing *Radulescu v. Modowan*, 845 F. Supp. 1260, 1262 (N.D. Ill. 1994)).

Courts in the Second Circuit have held that enterprise coverage applies when two or more of a business's employees handle tools or supplies that have moved in commerce. In *Boekheimer*, for example, the plaintiff was a janitor who "purchased custodial supplies and other equipment from five out-of-state vendors." *Id.* at 283. The court held that his employer qualified for enterprise coverage in part because of his "handling of janitorial goods that have moved in commerce." *Id.* at 285. In *Archie v. Grand Central Partnership*, the court concluded that enterprise coverage applied because the plaintiff sanitation worker "used a number of items – bags, brooms, shovels, pails, scrapers, radios, books and flashlights . . . some of which undoubtedly moved in interstate commerce to New York City." 997 F. Supp. 504, 530-31 (S.D.N.Y. 1998) (internal quotation marks, ellipses, and citation omitted). Because enterprise coverage is established not only when the employee produces goods for interstate commerce, but also when he handles materials that have moved in commerce, "virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA." *Id.* at 530 (quoting *Dunlop v. Indus. Am. Corp.*, 516 F.2d 498, 501-02 (5th Cir. 1975)); *see also Jacobs*, 577 F.3d at 99 n.7 (citing *Archie* with approval, and stating that enterprise coverage under the FLSA "is rarely difficult to establish").

While the Plaintiffs' initial complaint did not clear even this low bar (*see* Order Re: Mot. for Default J., ECF No. 21), their Amended Complaint and accompanying submission established the existence of enterprise coverage. With respect to the interstate commerce prong, the Plaintiffs now state (among other things) that their work involved being "transported in trucks" from one

job to the next, and that they used "gasoline-powered riding mowers and . . . shovels, hoes, rakes, and other landscaping equipment." (Am. Compl., ECF No. 22, ¶ 9.) Three Plaintiffs provided affidavits stating that the trucks were a Ford and a Peterbilt, and that the mowers were a SCAG and a Wright. (ECF Nos. 24-3, 24-4, 24-5.) The Plaintiffs then provided information confirming that none of these items were manufactured in Connecticut (ECF No. 24, at 3), and by extension they have shown that they handled tools and materials that had once moved in interstate commerce. And with respect to the gross sales prong, the Plaintiffs now allege what their first complaint had omitted: that "Defendant Little K's Landscaping, LLC, had, at all relevant times, a gross volume of sales made or business done of not less than $500,000." (Am. Compl., ECF No. 22, ¶ 7.) That allegation is deemed admitted by Little K's default, and virtually identical allegations have repeatedly been held sufficient to satisfy the gross sales element. *See Wei v. Sichuan Pepper, Inc.*, No. 3:19-cv-525 (JBA) (TOF), 2022 WL 385226, at *6-7 (D. Conn. Jan. 17, 2022), *report and recommendation approved and adopted*, 2022 WL 382019 (D. Conn. Feb. 7, 2022) (citing cases). In short, the Plaintiffs have established that the FLSA applies, and that the Court has jurisdiction over the case pursuant to 28 U.S.C. § 1331. It is therefore appropriate to proceed to the question of damages.

### B. Damages

District courts have discretion in choosing a procedure for quantifying default judgment damages, provided that the chosen procedure is sufficient to ensure that the award has an evidentiary basis, and further provided that the defendant is given a chance to oppose the plaintiff's claims. "Generally, 'damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding.'" *Andrade v. Kwon*, No. 3:08-cv-479 (SRU), 2012 WL 3059616, at *3 (D. Conn.

Mar. 26, 2012) (quoting *Greyhound Exhibitgroup*, 973 F.2d at 158). "A court may forgo an evidentiary hearing," however, if it otherwise "ensures that there is a basis for the damages specified." *Id.* (quoting *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)) (brackets omitted). It may, for example, "rel[y] upon detailed affidavits and documentary evidence" when the damages are "capable of mathematical calculation." *See Fustok*, 873 F.2d at 40. In any event, "[t]he court has the discretion to require an evidentiary hearing or to rely on detailed affidavits or documentary evidence in making this determination." *Santillan*, 822 F. Supp. 2d. at 290.

In this case, I carefully reviewed the Plaintiffs' detailed affidavits and documentary evidence in connection with the earlier default judgment motion against Mr. Kieslich. (ECF No. 26.) I then prepared a twenty-four page analysis, separately reviewing each Plaintiff's claim for unpaid straight time and overtime, along with their claims for liquidated damages, attorney's fees, and costs. (ECF No. 26, at 17-41.) Judge Nagala then reviewed the same affidavits and evidence with even greater care, catching and correcting small errors in my computation of the Plaintiffs' wage loss claims. (ECF No. 27.) Little K's had abundant opportunities to appear in the case and contest these calculations, but it did not do so. Accordingly, there is no need for a lengthy recapitulation of those computations. *See   Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) ("The district court may forego [sic] a hearing where all essential evidence is already of record.") (citation and quotation marks omitted); *see also* 10 James Wm. Moore et al., Moore's Federal Practice, § [55.32[2][b]] (3d ed. 2022) ("When the court has sufficient information from the existing record to determine the amount of damages, further inquiry or an evidentiary hearing is unnecessary. The court may fix the amount of damages and render judgment based on the

record."). I therefore recommend that Judge Nagala employ the same damages calculations with respect to Little K's as she did with respect to Mr. Kieslich.

## IV.   CONCLUSION

For the foregoing reasons, I recommend that the Plaintiffs' Motion for Default Judgment Against Defendant Little K's Landscaping LLC be granted.   Specifically, I recommend that:

A.      Judgment enter in favor of the Plaintiff Faustino Ojeda Hernandez against Little K's Landscaping, LLC in the amount of $11,289.76, composed of $5,644.88 in unpaid wages and $5,644.88 pursuant to the double damage provisions of Conn. Gen. Stat. §§ 31-68 and 31-72;

B.      Judgment enter in favor of the Plaintiff Santiago Leon against Little K's Landscaping, LLC in the amount of $7,873.76, composed of $3,936.88 in unpaid wages and $3,936.88 pursuant to the double damage provisions of Conn. Gen. Stat. §§ 31-68 and 31-72;

C.      Judgment enter in favor of the Plaintiff David Morales against Little K's Landscaping, LLC in the amount of $3,147.92, composed of $1,573.96 in unpaid wages and $1,573.96 pursuant to the double damage provisions of Conn. Gen. Stat. §§ 31-68 and 31-72;

D.      Judgment enter in favor of the Plaintiff Miguel Patishtan against Little K's Landscaping, LLC in the amount of $6,344.30, composed of $3,172.15 in unpaid wages and $3,172.15 pursuant to the double damage provisions of Conn. Gen. Stat. §§ 31-68 and 31-72;

E.      Judgment enter in favor of the Plaintiff Abiel Ventura Ortiz against Little K's Landscaping, LLC in the amount of $17,813.34, composed of $8,906.67 in unpaid wages and $8,906.67 pursuant to the double damage provisions of Conn. Gen. Stat. §§ 31-68 and 31-72;

F.      Judgment enter in favor of the Plaintiff Lusvin Ortiz against Little K's Landscaping, LLC in the amount of $12,630.00, composed of $6,315.00 in unpaid wages and $6,315.00 pursuant to the double damage provisions of Conn. Gen. Stat. §§ 31-68 and 31-72;

G.      Judgment enter in favor of the Plaintiff Noel Ventura Ortiz against Little K's Landscaping, LLC in the amount of $7,478.00, composed of $3,739.00 in unpaid wages and $3,739.00 pursuant to the double damage provisions of Conn. Gen. Stat. §§ 31-68 and 31-72;

H.      Judgment enter in favor of the Plaintiff Carlos Perez against Little K's Landscaping, LLC in the amount of $4,748.94, composed of $2,374.47 in unpaid wages and $2,374.47 pursuant to the double damage provisions of Conn. Gen. Stat. §§ 31-68 and 31-72;

I.      Judgment enter in favor of the Plaintiff Carlos Velasquez Perez against Little K's Landscaping, LLC in the amount of $14,860.00, composed of $7,340.00 in unpaid wages and $7,340.00 pursuant to the double damage provisions of Conn. Gen. Stat. §§ 31-68 and 31-72;

J.      Judgment enter in favor of the Plaintiff Gerardo Perez Perez against Little K's Landscaping, LLC in the amount of $5,767.30, composed of $2,833.65 in unpaid wages and $2,833.65 pursuant to the double damage provisions of Conn. Gen. Stat. §§ 31-68 and 31-72;

K.      Judgment enter in favor of the Plaintiff Jacobo Perez against Little K's Landscaping, LLC in the amount of $4,604.22, composed of $2,302.11 in unpaid wages and $2,302.11 pursuant to the double damage provisions of Conn. Gen. Stat. §§ 31-68 and 31-72;

L.      The Plaintiffs' judgment against Little K's Landscaping, LLC include an award of attorney's fees in the amount of $14,400.00; and

M.      The Plaintiffs' judgment against Little K's Landscaping, LLC include an award of costs in the amount of $1,333.00.

I further recommend that the case be closed in its entirety. The judgment at ECF No. 28 disposed of Counts One, Two and Three as against Mr. Kieslich. The above recommendations, if accepted, would dispose of those counts as against Little K's. The only other claim in the case was the Plaintiffs' common law intentional misrepresentation claim (Am. Compl., ECF No. 22,

Count Four), but that claim was dismissed without prejudice as against Mr. Kieslich on the Plaintiffs' motion (ECF Nos. 39, 40), and was never pled against Little K's. (*See* Am. Compl., ECF No. 22, Count Four.) In summary, acceptance of the foregoing recommendations would dispose of all remaining claims in the case.

This is a recommended ruling by a magistrate judge. Fed. R. Civ. P. 72(b)(1); D. Conn. L. Civ. R. 72.1(C). If any party wishes to object to this recommendation, it must file that objection with the Clerk of the Court within fourteen days. Fed. R. Civ. P. 72(b)(2); D. Conn. L. Civ. R. 72.2(a). If a party does not object within that time, it may not thereafter assign as error any claimed defect in this recommended ruling. *Id.* Failure to file a timely objection will also preclude appellate review. *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge
